UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE YEON TEXTILE,<br><br>        Plaintiff,<br><br>   v.<br><br>YNJ FASHION GATEWAY, INC. et al.,<br><br>        Defendants. | Case No. 2:25-cv-01131-SB-PD<br><br><br>ORDER TO SHOW CAUSE RE LACK OF PROSECUTION |

Plaintiff filed its complaint on February 10, 2025.  On May 14, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of prosecution for failure to serve within the 90-day deadline under Rule 4(m).  Dkt. No. 11.  The order provided that the Court would "consider as an appropriate response to this order to show cause (OSC) the filing of proof of service showing that Defendants were served within the 90-day period or a showing of good cause supporting a request to extend the service period."  *Id.*

Plaintiff subsequently filed four proofs of service stating that Defendants were served before the 90-day deadline.  It does not appear, however, that Defendants were properly served.  Most of the proofs of service do not indicate that the complaint was served.  *See* Dkt. No. 12 at 2 (list of documents served does not include complaint); Dkt. No. 13 at 2 (same); Dkt. No. 14 at 2 (same).  Some proofs of service do not include enough information for the Court to determine whether service was otherwise proper.  It appears that Plaintiff attempted to serve Defendant Byong Chul Kim by substitute service, but the proof of service does not specify who was served at his residence or whether personal service could not with "reasonable diligence" have been effectuated, as required before resorting to substitute service.  Dkt. No. 15 at 2 (stating that "(Jane Doe) – Co-Occupant" was served); *see* Cal. Civ. Proc. Code § 415.20(b) (authorizing substitute service "[i]f a

copy of the summons and complaint cannot with reasonable diligence be personally delivered). Plaintiff's proof of service as to Defendant Fabric Code Inc. is similarly deficient, conclusorily stating that "Kimberly Jang – Employee – Person Apparently in Charge" was served. Dkt. No. 14 at 1. The proof of service provides no further detail demonstrating that Kimberly Jang was in charge or an agent authorized to receive service on behalf of the corporation, or that mailing the corporation with "attention" to Jang was sufficient to complete service. *See* Cal. Civ. Proc. Code § 415.20(a) (authorizing substitute service on "person who is apparently in charge" at usual mailing address followed by mailing); *id.* § 416.10 (authorizing service on person designated as agent for service of process for corporation).

By June 3, 2025, Plaintiff is ordered to show cause, in writing, why this action should not be dismissed for lack of prosecution and failure to properly serve Defendants. Failure to timely respond will result in dismissal of this action.

Date: May 27, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge